UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREWSTER D. PHELPS,<br>　　　　Plaintiff,<br>　　v.<br>GIGI MATTESON,<br>　　　　Defendant. | Case No. 23-cv-02586-JSC<br><br>**ORDER OF DISMISSAL** |

Petitioner, a prisoner of the State of California proceeding without an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the filing fee. He challenges his 2018 conviction from Santa Clara County Superior Court on the grounds he received ineffective assistance of counsel on direct appeal from that conviction. (ECF No. 1 at 6-7.) Petitioner previously filed a habeas petition under 28 U.S.C. § 2254 challenging the same conviction and sentence. *See Phelps v. Matteson*, No. C 22-1729 JSC (ECF No. 1). That petition is currently pending. *Id.* (ECF No. 20).

A second or successive habeas petition challenging the same state court conviction may not be filed in federal court unless Petitioner first obtains from the United States Court of Appeals an order authorizing this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought or obtained such an order from the United States Court of Appeals for the Ninth Circuit.

It is possible that Petitioner means to simply add the claim in the instant petition --- that he received ineffective assistance of counsel --- to his currently pending petition. If that is his intention, he may seek to do so by filing a motion for leave to file an amended petition in Case No. 22-1729 JSC (PR), with a proposed amended petition attached as an exhibit that includes all of the

claims he is already pursuing in that case plus the additional claim he raises here.  Petitioner is cautioned that his new claim must be exhausted and timely.[1]

For the foregoing reasons, the case is DISMISSED without prejudice to Petitioner re-filing after obtaining the necessary authorization from the United States Court of Appeals or filing a motion for leave to amend the petition Case No. 22-1729 JSC, as described above.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 30, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] The Court makes no finding at this time as to whether such claim is exhausted, timely, or meritorious.